Following a jury trial in May 1986, appellant, Andrew D. Armington, was convicted of one count of rape, an aggravated felony of the first degree, in violation of R.C. 2907.02; and one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05. The Lake County Court of Common Pleas sentenced appellant to an indefinite term of incarceration of six to twenty-five years on the rape charge and a definite term of two years on the gross sexual imposition charge. The sentences were to be served concurrently.
In a judgment entry filed on August 5, 1998, the trial court adjudicated appellant to be a sexual predator pursuant to Ohio's version of Megan's Law, recently amended R.C. Chapter 2950. Appellant timely appealed, asserting that Ohio's version of Megan's Law is unconstitutional and that the trial court's finding that he was a sexual predator was against the manifest weight of the evidence.
Based on the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, the trial court's decision must be reversed. Although this writer interposed a dissent to the majority's mandate in Williams that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section 1, Article I of the Ohio Constitution, it is clear that the decision in Williams controls the outcome of the instant appeal. Hence, I defer to the present controlling authority in this appellate district. Appellant's remaining argumentation that the sexual predator finding was against the manifest weight of the evidence is thus rendered moot.
Accordingly, the judgment of the trial court is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
HON. DONALD R. FORD, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.